[Civ. No. 5978.   Third Appellate District.—December 7, 1938.]

JOAN REILLEY et al., Respondents, v. H. L. McINTIRE, Appellant.

560

Honey & Mayall for Appellant.

Gumpert & Mazzera and C. H. Hogan for Respondents.

THOMPSON, J.—This is an appeal from an order granting plaintiffs a new trial after judgment for damages had

been rendered in their favor in an automobile casualty case. The motion was granted on the ground that the amount for which the verdict was returned is inadequate to compensate the plaintiffs for the damages suffered. It is contended the trial court abused its discretion in granting the new trial.

The plaintiffs are husband and wife. As the result of a collision between the automobiles of plaintiffs and the defendant, Mrs. Reilley was seriously injured. The plaintiffs joined in this suit for damages. The complaint is couched in two counts. The first cause of action alleges that, as a result of the accident, Mrs. Reilley sustained damages on account of her injuries in the sum of $10,000. The second cause of action alleges that H. F. Reilley thereby suffered damages in the further sum of $300 for necessary medical and hospital care of his wife and for loss of her services in the performance of her household duties. The cause was tried with a jury. A verdict was returned in favor of the plaintiffs for $450 on the first count, and for $300 on the second count. Judgment was rendered accordingly. Plaintiffs moved for a new trial on various grounds specified in section 657 of the Code of Civil Procedure, including that of alleged insufficiency of the evidence to justify the verdict. The motion was granted "on the ground of insufficiency of the evidence to justify the verdict". From that order the defendant has appealed.

It is asserted the court abused its discretion in granting a new trial because the defendant practically conceded his liability on the ground of negligence on his part and that it does not appear the verdict is so grossly inadequate as to presume that it was rendered through passion or prejudice of the jurors.

The respondents contend the court did not abuse its discretion in granting a new trial and that it erred in refusing to permit plaintiffs to call defendant's witness, Doctor Lynch, in rebuttal, to prove that he examined Mrs. Reilley at the defendant's request, and conceded that she was seriously injured. The court properly refused to permit the plaintiffs to examine the witness, since it does not constitute rebuttal evidence. There was no motion to reopen the case for further evidence in chief. The defendant introduced no evidence in his behalf except that he did cross-examine plaintiffs' witnesses. At the close of plaintiffs' evidence the de-

fendant rested. The proffered evidence was properly excluded.

■ On appeal from an order granting a new trial on the ground of insufficiency of the evidence to justify the verdict an order may be upheld on any other proper ground enumerated in the notice of intention to move for a new trial. An appellate court is not confined to the sole ground upon which the trial court announces that the motion is granted. (*Smith* v. *Royer*, 181 Cal. 165 [183 Pac. 660]; *LaRue* v. *Barr*, 208 Cal. 493 [282 Pac. 10]; 2 Cal. Jur. 813, sec. 478.) However, we are not directed to any valid ground for supporting the order in the present case, except that which was stated by the court upon the insufficiency of the evidence to justify the verdict because the amount of damages awarded is inadequate to compensate the plaintiffs for the detriment suffered.

■ In the sound discretion of the trial judge, a new trial may be granted for the insufficiency of the evidence to justify the verdict and judgment, when it appears that the amount of damages awarded is grossly inadequate to compensate the injured parties for the detriment received. (*Franklin* v. *Bettencourt*, 16 Cal. App. (2d) 511 [60 Pac. (2d) 1017]; *Taylor* v. *Northern Elec. Ry. Co.*, 26 Cal. App. 765 [148 Pac. 543]; 20 Cal. Jur. 104, sec. 67; 20 R. C. L. 283, sec. 67; 46 C. J. 207, sec. 152.)

The preceding rule with respect to the discretion of a trial judge to grant a new trial for the insufficiency of the evidence to justify the verdict is not affected by the fact that the defendant may have conceded his negligence in the automobile casualty or that he had thereby admitted some liability because of the accident. The trial court, nevertheless, has the authority to determine, on a motion for new trial, that the amount of damages awarded by the jury is grossly inadequate to fully compensate the plaintiffs for the injuries sustained.

■ Nor is the discretion of the trial judge, on such a motion for new trial, confined to a case in which it appears from the record that the verdict is rendered through passion or prejudice of the jurors. (*Peri* v. *Culley*, 119 Cal. App. 117 [6 Pac. (2d) 86].) It is true that section 657, subdivision 5, of the Code of Civil Procedure does provide for the granting of a new trial for ''excessive damages, appearing

to have been given under the influence of passion or prejudice''. But the following subdivision of that same section authorizes the granting of a new trial for ''insufficiency of the evidence to justify the verdict or other decision''. The last-mentioned subdivision does not mention the element of passion or prejudice. Of course, if it appeared that an inadequate verdict had been rendered through passion or prejudice, it may be set aside on a motion for new trial. But if it satisfactorily appears that the evidence does not justify the verdict because it is clearly inadequate, it may be set aside regardless of whether it also appears to have been rendered through passion or prejudice.

There is nothing in the opinion which was rendered by this court in the case of *Phillips* v. *Lyon*, 109 Cal. App. 264 [292 Pac. 711], upon which the appellant in this case relies, in conflict with what we have previously said regarding the application of the principle of passion or prejudice. In that case a judgment was rendered for damages to an injured minor child in the sum of $3,000. The plaintiff contended that the verdict was inadequate to compensate for the injuries sustained. A motion for new trial on that ground was denied. In the present case it was granted. The plaintiff in the Phillips case then appealed to this court, contending that the trial court erred in denying the motion for a new trial. This court refused to interfere with the discretion of the trial judge in that case.

In upholding the discretion of the trial judge in the Phillips case this court said:

''While a court may not set aside a verdict and grant a new trial merely because the judge does not agree with the amount of the award of damages, where it is so grossly inadequate or excessive as to leave no reasonable doubt that the verdict is the result of passion or prejudice, *or that it is contrary to the evidence* and constitutes a clear abuse of the discretion of the jury, a new trial should be granted for the reason that the award of damages is not justified by the evidence and does not reasonably compensate for the injuries sustained.''

The preceding paragraph merely states a hypothetical situation in which it is assumed the trial court would be warranted in granting a new trial for insufficiency of the evidence to justify the verdict, or because it is excessive. We

do not state that an inadequate verdict may be set aside only when it appears to have been rendered through passion or prejudice. In supporting the discretion of the trial judge in that case in denying plaintiff's motion for a new trial on the ground of "insufficiency of the evidence to justify the verdict" this court merely said:

"Under the facts of this case we are unable to say as a matter of law that the judgment is inadequate or that the award is so grossly insufficient as to lack support of the evidence and require a reversal on that account."

In support of the sound discretion of the trial court in the present case, we are impelled to uphold the order granting a new trial for the same reason assigned in the Phillips case. In this case, we are unable to say as a matter of law that the total judgment of $750 which was awarded by the jury to the plaintiffs is not so grossly inadequate that it fails to compensate them for the injuries and damages incurred, and that the court was, therefore, not warranted in setting it aside. We may, therefore, not interfere with the discretion of the trial judge in granting a new trial for the insufficiency of the evidence to justify the verdict. There is ample evidence to justify the court in granting a new trial on account of the inadequacy of the verdict to compensate for the injuries which Mrs. Reilley received as a result of the accident.

Doctor Dewey R. Powell testified that some seven months prior to the trial of this case he treated the patient for her injuries during a period of three weeks. As a result of the collision Mrs. Reilley was rendered unconscious. She had one tooth broken from her jaw. She sustained a bruise over one eye, which left a slight bump even to the time of the trial. The doctor said that she was suffering from severe pains in the neck and head, accompanied by constant headache. The soft bones of her nose were injured; the membrane in her nose was irritated and swollen; she felt constant pressure, pain and inability to breathe freely. A large part of the air space of the nose was shut off. She was very nervous. The doctor feared an infection of the sinus. She suffered great inconvenience and constant pain. She was unable to perform her usual household duties. After repeated treatments, her condition remained practically unchanged. At the time of the trial, seven months after the

doctor was first called to render professional services for her, the patient remained in about the same condition. Under such circumstances we may not say the trial court abused its discretion in granting a new trial.

The order granting a new trial is affirmed.

Steel, J., *pro tem.*, and Pullen, P. J., concurred.