[Civ. No. 19771.   Second Dist., Div. Three.   Mar. 23, 1954.]

ALFRED JOHN HARPER, Respondent, v. SUPERIOR AIR PARTS, INC. (a Corporation), Appellant.

92

Robert A. Cushman and T. Guy Cornyn for Appellant.

William C. Wetherbee and Herbert G. Staples for Respondent.

WOOD (Parker), J.—Appeal by defendant from an order granting plaintiff's motion for a new trial. The action was for damages for personal injuries allegedly resulting from negligence of defendant DeLange while he was operating a truck owned by his employer, the defendant corporation. Plaintiff dismissed the action as to defendant DeLange. Trial was by jury, and the verdict was for plaintiff for $12,500. Plaintiff made a motion for a new trial on the ground that "inadequate damages" were given under the influence of passion or prejudice; and on all the grounds stated in section 657 of the Code of Civil Procedure, except the ground of excessive damages. The court granted said motion "upon all issues" on the grounds of inadequate damages awarded under the influence of passion and prejudice, insufficiency of the evidence to sustain the verdict, and that the verdict is against the law.

Appellant contends that the court, in granting a new trial on the ground of inadequate damages, abused its discretion. Appellant argues that the evidence establishes that DeLange was not negligent, that plaintiff was negligent as a matter of law, that plaintiff's conduct was the sole and proximate cause of the accident and that the damages awarded were adequate.

Section 657 of the Code of Civil Procedure, which states the grounds upon which a motion for a new trial may be granted, does not expressly include the alleged ground of "inadequacy of damages." A new trial may be granted upon the ground of insufficiency of the evidence for the reason that the damages awarded are inadequate. (*Franklin* v. *Bettencourt*, 16 Cal.App.2d 511, 514 [60 P.2d 1017].) Upon a motion for a new trial based upon the contention that damages are inadequate the trial court should review the evidence, not only with respect to the issue of damages but also with respect to the issue of liability. (See *Bakurjian* v. *Pugh*, 4 Cal.App.2d 450, 454 [41 P.2d 175].)

■ Plaintiff testified that on March 25, 1949, he was driving a tractor with a semitrailer (referred to as a truck); he was proceeding north on Alameda Street, and while he was shifting gears the gears stuck; he coasted over to the curb, and came to a stop against the curb and about 200 feet south of Olympic Boulevard; previously when gears on other trucks were that way, he found that by getting under the truck he could pry the shifting lever back into neutral position with a metal bar; he thought there was a bar with the tools in the sleeper cab (at the rear of the driver's cab); there was a door on each side of the sleeper cab—one on the left or street side and the other on the right side; the tools were customarily kept on the left side of the cab; plaintiff got out of the truck on the left or street side and went to the sleeper cab to search for the bar; he opened the left door of the cab, but there were no tools on that side of the cab; as he was closing the door, he glanced over his shoulder and saw a truck (defendant's) approaching; it was at the back end of plaintiff's truck—"just coming alongside of it"—about 25 feet from where plaintiff was standing and about 6 inches from the left side of plaintiff's trailer; plaintiff slammed the cab door, and he took three or four rapid steps toward the front of his truck—with his clothes almost brushing his truck; the hood of defendant's truck went past him and then something struck him on the head, back and side; when he "came to" he was lying on the street about 6 feet from the front of his truck.

DeLange, the driver of defendant's truck, testified that at the time of the accident he was proceeding north on Alameda Street, and was driving about 15 miles an hour in a straight line about 30 feet behind another truck (a third truck—not plaintiff's) which was approximately the same width as defendant's truck; he first saw the rear of plaintiff's truck when he was approximately 50 feet behind it; he noticed that the truck was stopped and he continued looking in that direction; he first saw plaintiff when defendant's truck was about 20 feet from the rear end of plaintiff's truck; plaintiff was by the side of, and facing, plaintiff's truck at a place just back of the cab; the third truck, which was traveling in front of him (witness), "cleared" plaintiff's truck about 5 feet; he (witness) kept his eye on plaintiff until the bumper of defendant's truck was about even with plaintiff, and he didn't see plaintiff move; when about half of his truck had "cleared" plaintiff, he felt and heard an impact; he then slowed down and came to a stop in front of plaintiff's truck.

A police officer, called as a witness by defendant, testified that when he arrived at the scene of the accident, about 1:45 p.m., plaintiff's truck was parked a few inches from the curb; and plaintiff was lying on the ground.

The evidence was legally sufficient to support findings that defendant was guilty of negligence which was a proximate cause of the injuries; and that plaintiff was not guilty of negligence which proximately contributed to the injuries.

Appellant also argues, as above stated, that it was an abuse of discretion to grant a new trial on the ground that the damages ($12,500) were inadequate. Plaintiff sustained a compound comminuted fracture of the left mid-humerus, and injuries to his back and shoulders. A closed reduction of the fracture was attempted, with the use of a hanging (plaster) cast, but, after six months, it proved to be unsuccessful. Thereafter an open reduction was made, with a bone graft and a steel plate, which also was unsuccessful. Further operations were performed and, by October, 1952, the bone had united. Also, there was an operation in which a part of his shoulder tip was removed. One of plaintiff's arms was strapped to his body for the period of one year. He was in the hospital about 13 weeks, and the amount of his hospital and medical bills was $5,128.27. Plaintiff testified that he had been a truck driver about 24 years; at the time of the accident his "take-home" earnings averaged $80 a week; and that he had not worked since the accident (a period of more than 190 weeks). A doctor, called as a witness by plaintiff, testified regarding certain operations which he performed upon plaintiff after the accident. He also testified to the effect that, by reason of limitation of abduction and rotation at the shoulder, plaintiff would never be able to drive a truck; and the plaintiff would not be able to do any heavy manual work.

"[T]he granting of a motion for a new trial rests within the discretion of the trial judge to such an extent that an appellate court will not interfere unless an abuse of discretion clearly appears. All presumptions are in favor of the order and it will be affirmed if it is sustainable on any ground." (*Ballard* v. *Pacific Greyhound Lines,* 28 Cal.2d 357, 358 [170 P.2d 465].) ■ In passing on a motion for a new trial the trial judge is entitled to reweigh the evidence and exercise his independent judgment thereon and if he concludes that the damages awarded do not adequately compensate for the injuries sustained he may grant a new trial. (See *McNear* v. *Pacific Greyhound Lines,* 63 Cal.App.2d 11,

17 [146 P.2d 34].) ■ There was evidence that the special damages (hospital and medical bills $5,128.27,and loss of earnings to time of trial about $15,200) were considerably more than the amount awarded ($12,500). As to general damages, there was evidence that several operations were performed upon plaintiff, he was in a hospital several weeks, and his arm was strapped against his body for a year. The judge did not abuse his discretion in granting the motion for a new trial.

The order granting the motion for a new trial is affirmed.

Shinn, P. J., and Vallée, J., concurred.