[Civ. No. 6516. Fourth Dist. Apr. 26, 1961.]

KENNETH WAYNE JOHNS, a Minor, etc., et al., Plaintiffs and Appellants, v. JOE WARD et al., Defendants; RAYMOND THOMAS, INC. (a Corporation), Defendant and Appellant.

James C. Janjigian, Lawrence W. Young and Robert L. Young for Plaintiffs and Appellants.

Hays & Hays and James N. Hays for Defendant and Appellant.

GRIFFIN, P. J.—This is an action brought by plaintiffs, appellants and cross-respondents Kenneth Wayne Johns, a minor, by Dovie Johns, his guardian *ad litem,* for personal injuries to Kenneth, then aged about 4 years. Plaintiffs claim damages in the sum of $150,000, and the minor's mother and father, Dovie Johns and Coy Johns, seek damages for $10,000 for loss of earnings and $15,000 for medical expenses. (Plaintiffs hereinafter will be referred to as appellants, and defendant Raymond Thomas, Inc., a corporation, as respondent.)

The complaint alleges that the minor was injured when he was struck by a truck owned by defendants Joe Ward and George T. Ward and being driven negligently by defendant Joe Ward. It further alleges that defendants H. O. May and Chris C. May were duly licensed contractors operating a labor camp upon the ranch of respondent Raymond Thomas, Inc., a corporation, and that Ward was the agent and employee of defendants H. O. May, Chris C. May and of respondent ranch corporation. Respondent, by answer, denied these allegations. The action was subsequently dismissed as to defendants H. O. May and Chris C. May. Defendant Joe Ward did not appear and his default was subsequently entered. The record shows that on March 21, 1958, upon application of plaintiffs, the trial judge then presiding entered a judgment by default against defendants Joe and George T. Ward and in favor of plaintiff minor in the sum of $20,000 and in favor of the parents for $1,931.74.

A jury trial resulted in a judgment in favor of appellants and against respondent company on March 20, 1958, for $75,000 for injuries to the minor and $5,000 to the parents.

The trial court granted a motion for a new trial on all grounds indicated, including insufficiency of the evidence to justify the verdict. A new trial was had on substantially the same evidence as was produced at the first trial, resulting in a jury verdict for respondent ranch company. On appeal, the judgment was reversed for failure to give proper instructions to the jury. See *Johns* v. *Ward,* 170 Cal.App.2d 780 [339 P.2d 926]. Reference is made to this former opinion to ascertain a more complete recitation of the facts and points there considered.

On a third trial, upon substantially the same evidence, the jury, on January 22, 1960, returned a verdict in favor of the minor for $73,500 and in favor of the plaintiff parents for $36,500 (more than the sum set forth in the prayer). At that point, respondent moved for a judgment notwithstanding the verdict and made a motion for a new trial. Pending the determination of these motions, plaintiff parents moved to amend their complaint to conform to the proof and asked that their prayer for claimed loss of services and medical expenses for the child be increased from $25,000 to $36,500. The judgment on the verdict was entered on February 19, 1960, and the court denied respondent ranch company's motion for a judgment notwithstanding the verdict. On March 15, 1960, it denied the parents' motion to amend the complaint and at the same time granted defendant's motion for a new trial on all the statutory grounds including insufficiency of the evidence.

The trial judge, at the same time, filed a memorandum setting forth the reasons for granting the motion. It related that defendant asserted that the evidence was insufficient to support the verdict and that the damages awarded were excessive and given under the influence of passion and prejudice, and he stated that it was his conclusion that defendant's motion was "meritorious" and should be granted and that he believed that the evidence would not support the amount of damages awarded to the parents, either in the amount claimed or awarded, and that the general damages were excessive. He then remarked that he considered it a "close case on all issues" particularly as to the negligence of Ward and the "cause of the plaintiff minor's present physical condition" and that the medical testimony offered by the respective parties was diametrically opposed and that the court's opinion was consistent with defendant's view that the jury was moved by sympathy for the child and was prejudiced toward an

allegedly wealthy agricultural corporation. He then posed a question as to whether the plaintiff could obtain a verdict in a larger amount than that awarded against the alleged agent on the default judgment when the agent's act was the alleged sole cause of the injury.

Plaintiffs appealed from the order granting a new trial and defendant ranch company appealed from the order denying its motion for judgment notwithstanding the verdict.

Appellants first argue that appellate courts should give special consideration to the trial court's memorandum opinion to determine the reasons for the trial court's action where, as here, such memorandum opinion is made a part of the record on appeal and is rendered in connection with its ruling on matters as to which written findings are not required, as in ruling on a motion for a new trial (citing such authority as *In re Oster*, 135 Cal.App.2d 769, 775 [287 P.2d 859] ; *Tevis* v. *Beigel*, 156 Cal.App.2d 8, 13 [319 P.2d 98] ; *Bailey* v. *Fosca Oil Co.*, 180 Cal.App.2d 289 [4 Cal.Rptr. 474]) ; that, accordingly, when the judge stated that the case was a "close one on all issues," he indicated that the evidence would support a judgment for plaintiffs, and, accordingly, the court erred in granting a new trial on insufficiency of the evidence. Citing such authority as *Campanella* v. *Campanella*, 204 Cal. 515, 523 [269 P. 433], to the effect that " 'Insufficiency of the evidence' means want of evidence . . ." as well as *Mosekian* v. *Ginsberg*, 122 Cal.App. 774, 777 [10 P.2d 525] ; *Morgan* v. *Southern Pacific Co.*, 95 Cal. 501, 508 [30 P. 601] ; *Phillips* v. *Lyon*, 109 Cal.App. 264, 268 [292 P. 711] ; *Anderson* v. *San Francisco-Oakland Rys.*, 61 Cal.App. 21, 26 [214 P. 289] ; 37 California Jurisprudence 2d 215, section 53. They also cite *Renfer* v. *Skaggs*, 96 Cal.App.2d 380, 383 [215 P.2d 487] and *Ellis* v. *City of Los Angeles*, 167 Cal.App.2d 180, 186 [334 P.2d 37], which hold that it is error to grant a new trial unless the evidence would warrant a judgment in favor of the moving party, and claimed that on a second order granting a new trial, the trial court, after a jury verdict in favor of the plaintiff, should exercise greater caution and scrutiny than on the first trial. (Citing *Petroff* v. *Nunes*, 136 Cal.App. 416, 419 [29 P.2d 293] ; *Bayley* v. *Souza*, 55 Cal.App.2d 776 [131 P.2d 584].)

The signed order granting a new trial is self-explanatory and clearly shows that the trial judge granted a new trial on all stated grounds including insufficiency of the evidence to support the verdict. The memorandum opinion reiterates this

belief, even though the judge stated that he considered it a close case on all issues, particularly as to the negligence of Ward and the cause of the minor's present physical condition. There was no equivocation about his belief that the damages were excessive. The general rule here applicable is set forth in *Yarrow* v. *State,* 53 Cal.2d 427, 437-438 [2 Cal. Rptr. 137, 348 P.2d 687], where it is said that "The order is measured by its terms and not by any reasons the court may give for it" (citing cases); that all presumptions favor the order as against the verdict and the order will be affirmed if it may be sustained on any ground, although the reviewing court may have ruled differently in the first instance; that "An order will not be deemed to be limited by an opinion or judicial reasoning unless the intention to limit is clearly expressed in the order"; that in considering the insufficiency of the evidence on the hearing of a motion for a new trial, it is the exclusive province of the trial court to judge the credibility of the witnesses, to determine the probative force of testimony and to weigh the evidence, and it is only where it can be said as a matter of law that there is no substantial evidence to support a contrary judgment that an appellate court will reverse an order granting a new trial on this ground. (See also *Hughey* v. *Candoli,* 159 Cal.App.2d 231, 234 [323 P.2d 779]; *Stone* v. *Los Angeles County Flood Control Dist.,* 81 Cal.App.2d 902, 906 [185 P.2d 396].)

 The memorandum opinion does indicate a doubt as to the sufficiency of the evidence of negligence of Ward and the cause of the minor's present physical condition. There is evidence that he had cerebral palsy prior to June 18, 1956. The evidence is conflicting on both of these subjects. ██ ██ In this respect, *Sinz* v. *Owens,* 33 Cal.2d 749, 760 [205 P.2d 3, 8 A.L.R.2d 757], cites *Koyer* v. *McComber,* 12 Cal.2d 175, 180 [82 P.2d 941], where it is said:

" 'Whatever may be the rule which should govern the trial judge, it is certain that when his action in granting a new trial on the ground of excessive damages . . . comes to be reviewed on appeal, his order will not be reversed unless it plainly appears that he abused his discretion; and the cases teach that when there is material conflict of evidence regarding the extent of damage the imputation of such abuse is repelled, the same as if the ground of the order were insufficiency of the evidence to justify the verdict.' " (See also *Van Ostrum* v. *State,* 148 Cal.App.2d 1, 5 [306 P.2d 44]; *Parks* v. *Dexter,*

100 Cal.App.2d 521, 526 [224 P.2d 121]; *Tyson* v. *Romey,* 88 Cal.App.2d 752, 756 [199 P.2d 721].)

The verdict for the parents was in excess of the prayer set forth in the complaint. The trial court had the right to consider this fact on the motion for new trial.

It is true that the memorandum opinion did give some recognition to the fact that a default judgment had been rendered in the case in a lesser sum against Ward on account of his negligence attributable to plaintiff's injury. The court did state that it had not considered that question on the motion for a new trial. It does not appear that such a claimed defense was pleaded, or contained in the pretrial order, or that the jury knew about this default judgment. Therefore, we will not consider it on this appeal. But see *Garlick* v. *Bower,* 62 Cal. 65, 66; *Browand* v. *Scott Lumber Co.,* 125 Cal.App.2d 68 [268 P.2d 891]; *Daniel* v. *Jones,* 140 Cal.App. 145 [35 P.2d 198]; 141 A.L.R. 1168; 32 California Jurisprudence 2d 576, section 125.

█ The denial of the motion to amend the complaint at the stage of the proceedings indicated was not prejudicial error. (*Clark* v. *San Francisco etc. Ry. Co.,* 142 Cal. 614, 620 [76 P. 507]; *Meisner* v. *McIntosh,* 205 Cal. 11, 13 [269 P. 612]; *Kimball* v. *Swenson,* 51 Cal.App. 361 [196 P. 781]; *Singleton* v. *Perry,* 45 Cal.2d 489, 499 [289 P.2d 794]; 39 Cal.Jur.2d § 245, p. 359.)

### CROSS-APPEAL

█ On the cross-appeal, respondent claims the court erred in denying its motion for a judgment in its favor notwithstanding the verdict of the jury under the claim that there was no basis to support the finding that Joe Ward was an employee or agent of respondent ranch company. (Citing *Johns* v. *Ward, supra,* 170 Cal.App.2d 780.) We see no merit to the argument. On page 787 of that decision, this court said:

"A review of the record reveals a conflict in the evidence concerning the degree of control the ranch exercised over May and Ward, as well as the other members of the field crew. The evidence in this case could be interpreted to support a verdict either way, depending upon the weight given the testimony of different witnesses. Under such a state of the evidence the trial court quite properly submitted the question to the jury." The motion was properly denied. (*Wells* v. *Lloyd,* 21 Cal.2d 452 [132 P.2d 471]; 4 Cal.Jur.2d § 703, p. 609.)

Order granting new trial and denying motion for judgment notwithstanding the verdict affirmed. Respondent to recover costs on appeal.

Shepard, J., and Coughlin, J., concurred.

The petition of plaintiffs and appellants for a hearing by the Supreme Court was denied June 21, 1961.