[Civ. No. 49153. Second Dist., Div. Four. Jan. 28, 1977.]

KIDDIE O'KELLY, Plaintiff and Respondent, v.
WILLIG FREIGHT LINES et al., Defendants and Appellants.

COUNSEL

Horgan & Robinson, Mark P. Robinson and Steven L. Anderson for Defendants and Appellants.

Lewis & Waters and Joseph Lewis for Plaintiff and Respondent.

OPINION

**KINGSLEY, Acting P. J.**—Defendants appeal from an order of the trial court granting plaintiff's motion for a new trial. For the reasons set forth below, we modify the order and affirm it as modified.

This is a case of first impression in California dealing with the power of a trial court, in an action tried under the doctrine of comparative negligence pronounced in *Li* v. *Yellow Cab Co.* (1975) 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226], to grant a limited new trial on the issue of apportionment of damages. (This case was tried after the *Li* case became effective.)

Plaintiff parked her automobile, briefly, near to the right curb on a four-lane city street. Defendants' truck, attempting to pass her parked car, struck the left rear fender of plaintiff's car, causing both property

damage and personal injuries to plaintiff. The evidence was conflicting both as to the conduct of the parties and as to the extent of the personal injuries.[1] On the issue of negligence, the evidence for plaintiff was that she had parked parallel to the curb and within the statutory limits for a curb-side parking and that, after the accident, defendant driver had said, "I'm sorry. It was my fault." The evidence for defendants was that the car was parked at an angle, with the left rear fender extending 18 inches or more into the second lane from the curb, forcing defendant driver to veer into the third lane but being forced back into the second lane by other traffic on the street. The driver denied making the admission of fault attributed to him by plaintiff.[2]

The jury returned a verdict for plaintiff in the amount of $8,073.72, with a special verdict reading as follows:

"We, the jury in the above-entitled action, find as follows on the particular questions of fact submitted to us:

"Question No. 1. Without taking into consideration the questions of reduction of damages due to the negligence of the plaintiff, if any, what did you find to be the total amount of plaintiff's damages proximately resulting from the accident in question?

"Answer: *$16,147.43*

"Question No. 2. Was there negligence on the part of the plaintiff which contributed as a proximate cause of her injury?

"Answer 'yes' or 'no.'

"Answer: *Yes*

"If your answer to question No. 2 is 'no,' then you shall not answer Question No. 3, since the amount of damages set forth in your answer to Question No. 1 is the amount of your verdict.

---

[1]Defendants' brief, unnecessarily, devotes several pages to a discussion of the extent of plaintiff's damages. No issue as to the total damage is presented by the record before us.

[2]The driver's testimony was: "A. I recall going back and telling them, Miss O'Kelly and the few people that were there, that I was sorry about hitting her car, that I had been cut off, and there was one man there that said immediately that he saw the car cut me off too."

"If your answer to question No. 2 is 'yes,' you are instructed to answer Question No. 3.

"Question No. 3. The combined negligence of the plaintiff and of the defendants whose negligence proximately contributed to the injury being 100%, what proportion of such combined negligence is attributable to the plaintiff and what proportion is attributable to such defendants?

"Answer: To plaintiff *50%*

To defendants *50%*."

Plaintiff moved for judgment notwithstanding the verdict, and for a new trial. The latter motion was made on all of the statutory grounds. The motion for judgment notwithstanding the verdict was withdrawn; the motion for a new trial was granted by a minute order reading in pertinent part as follows:

"In the matter heretofore taken under submission by the court on August 25, 1975, the court announces its rulings as follows:

"Motion for new trial is granted upon the ground of insufficiency of the evidence to justify the verdict for the reason that the evidence fails to support the special finding and verdict of the jury that of the combined negligence of the plaintiff and of the defendants whose negligence proximately contributed to plaintiff's injuries, the proportion of negligence attributable to the plaintiff is 50%."

Thereafter the trial court signed and filed within the statutory time limit (Code Civ. Proc., § 657) its specification of reasons, as follows: "The plaintiff's motion for new trial was granted upon the ground of insufficiency of the evidence to justify the verdict for the reason that the evidence fails to support the special finding and verdict of the jury that of the combined negligence of the plaintiff and of the defendants whose negligence proximately contributed to plaintiff's injuries, the proportion of negligence attributable to the plaintiff is 50%, in that the evidence showed plaintiff pulled up and stopped her car parallel and close to the curb, that her car was struck from behind by defendant Wade and moved ten to twelve feet forward, and that immediately after the accident the defendant Wade said in substance, 'I'm sorry. It was my fault.' "

## I

■ Defendants contend that the specifications of reasons did not meet the requirement of section 657 of the Code of Civil Procedure as that section has been interpreted in *Mercer* v. *Perez* (1968) 68 Cal.2d 104 [65 Cal.Rptr. 315, 436 P.2d 315]. We conclude that the specification was sufficient. The court pointed to specific items of evidence that tended to show a substantial amount of negligence on the part of defendant driver and a minimal amount of negligence on the part of plaintiff. The recital of those items distinguishes this case from *Miller* v. *Los Angeles County Flood Control Dist.* (1973) 8 Cal.3d 689 [106 Cal.Rptr. 1, 505 P.2d 193], on which appellants rely.

## II

■ Defendants contend that, if the order can be sustained at all, it must be treated as being limited to a new trial solely on the question of apportionment between the parties of the total damage. We agree.

Although plaintiff's motion for judgment notwithstanding the verdict and for a new trial sought both an undivided apportionment of damages and a larger finding of damage, the order is silent as to all matters except the proportion of apportionment. It is clear from the order granting the new trial motion, and from the specification of reasons, that the trial court did not intend a total retrial, nor a retrial concerning the total amount of damage. We read it in that light.

■ Although we are cited to no California cases dealing with the matter before us, and we have found none, there is authority out of this state for granting a new trial limited to the issue of apportionment. (*Caldwell* v. *Piggly-Wiggly Madison Co.* (1966) 32 Wis.2d 447 [145 N.W.2d 745, 752]; *Firkus* v. *Rombalski* (1964) 25 Wis.2d 352 [130 N.W.2d 835, 840]; Schwartz, Comparative Negligence (1974) § 18.3, pp. 301-305.) We see no reason why that course should not be followed here. It is true that, in order to make a proper allocation of damage, the jury on the new trial will have to hear, and weigh, anew, all of the evidence dealing with the conduct of the parties, but the jury may, properly, be told, when the case is submitted to them that: (a) as matter of the law of this case, they must find that each party is negligent in some degree; (b) they must proceed on the assumption that the total damage was $16,147.43; and (c) their sole function is to apportion that total damage between the parties.

The minute order granting a new trial is modified by inserting, after the paragraph above quoted, the words: "Such new trial shall be limited to ascertaining the proper apportionment of the total damage of $16,471.43 between the parties." As so modified, it is affirmed. Neither party shall recover costs on this appeal.

Dunn, J., concurred.

**JEFFERSON (Bernard), J.**—I concur in part and dissent in part.

The majority opinion poses the issue before us as one dealing with the power of a trial court in an action tried under the doctrine of comparative negligence, pronounced in *Li* v. *Yellow Cab Co.* (1975) 13 Cal.3d 804 [119 Cal.Rptr. 858, 532 P.2d 1226], to grant a new trial limited to the issue of apportionment of damages. I disagree with this statement of the issue presented in the case at bench because, in my opinion, the trial court did not purport to grant a new trial limited to the sole issue of apportionment of damages. As I construe the trial court's order, it was clearly one that granted plaintiff's motion for a new trial, without limitation on the issues to be retried. It is the majority's opinion that limits and directs a new trial on the one specific issue—not the trial court's order.

But I do not limit my disagreement with the majority's opinion that construes the trial court's order granting a new trial as being limited to this one issue. I also disagree with the action taken by the majority in deciding that the only issue which is to be retried is a redetermination of the comparative negligence between plaintiff and defendant, leaving the jury's verdict as to plaintiff's total damages before reduction to remain intact. The majority opinion improperly determines that the trial court upheld the jury's verdict that plaintiff's total damages, before reduction, amounted to $16,147.43; and that plaintiff and defendant were both negligent to some extent.

I agree with the principle that "[t]he practice of reversing a judgment [order] in part only is well settled in this court . . . , and should be followed where the error found to have been committed has affected the determination of but one or more of a greater number of distinct and severable issues or causes of action." (*Gray* v. *Cotton* (1913) 166 Cal. 130, 139 [134 P. 1145].) This principle, however, is subject to the exception that if the rights and liabilities are interdependent, an order, such as an

order granting a new trial, must be treated as an entirety and a partial reversal or modification is improper. (See *Bird* v. *McGuire* (1963) 216 Cal.App.2d 702 [31 Cal.Rptr. 386].)

Defendants set forth two contentions in asserting that the trial court erred in granting plaintiff's motion for a new trial. The basic ground urged is that the trial court's order granting a new trial on the ground of insufficiency of the evidence is unsupported by a sufficient specification of reasons as required by Code of Civil Procedure section 657. The second contention made by the defendants is that, if the trial court's order for new trial is sustained by this court, the new trial should not include the issue as to the amount of total damages sustained by plaintiff, determined by the jury to be $16,147.43 without reference to the issue of whether there was negligence by plaintiff that contributed to her injuries.

It is my view that neither of these contentions of defendants has any merit. I agree with the majority that the specification of reasons set forth by the trial judge for granting plaintiff's motion for new trial on the ground of insufficiency of the evidence to support the verdict satisfies the requirements of Code of Civil Procedure section 657, as interpreted by *Mercer* v. *Perez* (1968) 68 Cal.2d 104 [65 Cal.Rptr. 315]. The *Mercer* court held that, to satisfy the specification-of-reasons requirement of section 657, two basic elements must be included in the specification-of-reasons document. First, "the judge must briefly recite the respects in which he finds the evidence to be legally inadequate; no other construction is consonant with the conclusive presumption on appeal that the order was made 'only for the reasons specified.' " (*Mercer, supra,* 68 Cal.2d 104, at p. 116.) Second, "[p]hrasing the requirement in terms of the codification of the trial judge's power in the second paragraph of the amendments (*ante,* fn. 1), such an order must briefly identify the portion of the record which convinces the judge 'that the court or jury clearly should have reached a different verdict or decision.' " (*Mercer, supra,* 68 Cal.2d 104, at p. 116; fn. omitted.)

The *Mercer* view as to the requirements for adequacy of specification of reasons in granting a motion for new trial on the ground of insufficiency of the evidence was reaffirmed by the California Supreme Court in *Scala* v. *Jerry Witt & Sons, Inc.* (1970) 3 Cal.3d 359 [90 Cal.Rptr. 592, 475 P.2d 864].

Defendants contend that, in the case at bench, the specification of reasons set forth by the trial judge to support the order granting a new

trial to plaintiff is similar to the specification of reasons held inadequate in *Miller* v. *Los Angeles County Flood Control Dist.* (1973) 8 Cal.3d 689 [106 Cal.Rptr. 1, 505 P.2d 193]. I agree with the majority that the specification of reasons set forth by the trial court in the case at bench is clearly distinguishable from the specification of reasons declared inadequate in *Miller*. As contrasted with the *Miller* case, the specification of reasons supporting the trial judge's order granting the motion for new trial in the instant case is more like the specification of reasons deemed adequate and sufficient to support an order granting a new trial found in *Meiner* v. *Ford Motor Co.* (1971) 17 Cal.App.3d 127 [94 Cal.Rptr. 702] and in *San Francisco Bay Area Rapid Transit Dist.* v. *Fremont Meadows, Inc.* (1971) 20 Cal.App.3d 797 [97 Cal.Rptr. 898].

In *San Francisco Bay Area Rapid Transit Dist.,* a condemnation action, the trial court, in granting a new trial on the ground of inadequate damages, set forth in its specification of reasons that the jury's verdict ignored the highest and best use of the property—a factor upon which the valuation experts were in accord—and that the jury had considered the factor of comparable size to the exclusion of other factors; and that the jury had given too great a consideration to one sale.

The *Meiner* case involved a strict liability personal injury action resulting from a head-on highway collision. Plaintiff's expert testimony in *Meiner* was to the effect that the accident had been caused by a defect that caused the steering wheel of plaintiff's car to become locked. This testimony was contradicted by expert testimony introduced by the defendants, manufacturer and seller, and by the defendants' eyewitness testimony, which indicated that the accident resulted from the plaintiff's making a right-hand turn too fast. Following a jury verdict in favor of plaintiff, defendants' motion for a new trial was granted on the ground of insufficiency of the evidence to justify the verdict. The trial judge's specification of reasons set forth that he was convinced that plaintiff's expert failed either to establish the existence of a defect in the steering mechanism or that the defect to which he testified was the cause of a temporary lock-up of the steering wheel; that the testimony of the defense experts was entitled to greater credence and, that, with respect to the accident itself, the testimony of the defense witnesses was overwhelmingly more persuasive and probable than plaintiff's version.

In the instant case the trial court's specification of reasons for granting plaintiff's motion for new trial clearly indicated that the trial judge

disbelieved the testimony and other evidence presented by defendants as to how the accident occurred, and, instead, believed the evidence presented by the plaintiff. There were two versions of how the accident occurred—one presented by the plaintiff, which was diametrically opposed to the one presented by defendants. The plaintiff's version was that her automobile was parked parallel to the right curb of a city street and within the distance of the curb required by the Vehicle Code; that defendant driver simply rear-ended plaintiff's vehicle without any justification other than negligence. Defendants' version was that plaintiff was parked—not parallel to the curb—but at an angle in which the left rear fender of plaintiff's vehicle extended 18 inches or more into the second lane from the curb, which forced the defendant driver to veer into the third lane and, being forced back into the second lane by other traffic on the street, defendant driver was unable to prevent striking plaintiff's car. In addition, plaintiff offered evidence that, after the accident, defendant driver had said: "I'm sorry. It was my fault." The defendant driver, however, denied making the admission of fault attributed to him by plaintiff.

In the instant case, although the trial judge did not state specifically that he disbelieved the evidence presented by defendants that plaintiff's vehicle was *not* parked parallel to the curb but, instead, at an angle in which the left rear fender extended some 18 inches or more into the second lane, the specification of reasons can be interpreted only as an assertion to this effect. In setting forth in the specification of reasons that "the evidence showed plaintiff pulled up and stopped her car *parallel and close to the curb,* that her car was struck from behind by defendant Wade and moved ten to twelve feet forward, and that immediately after the accident the defendant Wade said in substance, 'I'm sorry. It was my fault,' " (italics added), the trial judge was unequivocally stating that he disbelieved the evidence presented by defendants as to how the accident occurred and that he believed the evidence presented by plaintiff regarding how the accident occurred.

It would indeed be unreasonable and unrealistic to hold that a trial judge must use certain magic words in stating that he disbelieved certain specific testimony and other evidence but, instead, believed the contradictory testimony and other evidence. In the case at bench, the specification of reasons for the trial court's granting of plaintiff's motion for new trial on the ground of insufficiency of the evidence is, therefore, clearly adequate and is in conformity with the requirements of Code of Civil Procedure section 657, as interpreted by *Mercer* and *Scala.*

In the case at bench, I turn next to the question of whether the trial judge's order granting plaintiff a new trial can reasonably be construed to eliminate, on a new trial, the issue with respect to the amount of plaintiff's damages—without regard to the question of any reduction because of the issue of comparative negligence.

It is a well-settled principle of law that "[t]he order [granting a new trial] is measured by its terms and not by any reasons the court may give for it. [Citations.] . . . [¶] An order will not be deemed to be limited by an opinion or judicial reasoning unless the intention to limit is clearly expressed in the order. [Citation.] The mere statement of reasons in the order is not sufficient to show such intention to limit. [Citations.]" (*Yarrow* v. *State of California* (1960) 53 Cal.2d 427, 437-438 [2 Cal.Rptr. 137, 348 P.2d 687]; accord, *Johns* v. *Ward* (1961) 191 Cal.App.2d 603, 607-608 [12 Cal.Rptr. 839].)

Although *Yarrow* was decided before the 1965 amendment to Code of Civil Procedure section 657, that required a "specification of reasons" to be set forth either in the order granting the motion for new trial or in a separate document, its rationale is still valid, persuasive and compelling.

The record reflects that the matter of plaintiff's motion for new trial was taken under submission by the trial judge on August 25, 1975, and ruled upon on August 26, 1975. The court's minute order of August 26, 1975, asserts that the "[m]otion for new trial is granted upon the ground of insufficiency of the evidence to justify the verdict for the reason that . . . ." There is absolutely no language in this minute order of the trial judge that can be construed as limiting a new trial to specific issues. Plaintiff's motion for a new trial did not request a new trial on limited issues. Hence, plaintiff's motion cannot be looked to for support of the majority's construction of the trial court's order.

On September 2, 1975, the trial judge executed and filed the written specification of reasons for granting the motion for a new trial and there is nothing in the written specification of reasons which supports the majority's view that the trial court had limited his granting of plaintiff's motion for a new trial to issues which excluded the issue of the determination of the total amount of damages suffered by plaintiff.

In footnote 1 of the majority's opinion, it is stated that "[n]o issue as to the total damage is presented by the record before us." This statement is

made in response to the fact that defendants' brief unnecessarily in the opinion of the majority, devoted several pages to a discussion of the extent of plaintiff's damages. It is my view, however, that an analysis of the record demonstrates that the total amount of the damages assessed by the jury for plaintiff's injuries is very much an issue that is presented before us.

Defendants point out that, in plaintiff's motion for a new trial, the ground of "excessive or inadequate damages" was not specifically relied upon. Code of Civil Procedure section 657 lists seven items as grounds upon which a new trial may be granted. Subdivision 5 of section 657 is the one which sets forth excessive or inadequate damages as grounds for a new trial. Subdivision 6 of section 657 sets forth the item of "[i]nsufficiency of the evidence to justify the verdict . . . ." It is to be noted, however, that plaintiff's motion for a new trial set forth "insufficiency of the evidence" as one of the reasons for seeking a new trial. But in the points and authorities supporting the motion, plaintiffs argued that the evidence was insufficient to justify the *total* damages found by the jury, without regard to the comparative negligence issues, and, hence, that the total damages assessed were inadequate.

Furthermore, in addition to making a motion for a new trial, plaintiff also made a motion for judgment notwithstanding the verdict. In this latter motion, plaintiff sought to have the court grant a judgment in favor of plaintiff with an additur to the total amount of damages found by the jury. At the argument on the motions for new trial and for judgment notwithstanding the verdict, the plaintiff withdrew the motion for judgment notwithstanding the verdict after realizing that, since the judgment had been rendered in favor of the plaintiff, the relief sought could not be obtained by the procedure of a judgment notwithstanding the verdict.

Defendants assert that plaintiff cannot now complain of the inadequacy of the total assessment of damages of $16,147.43, made by the jury, because plaintiff's motion for a new trial did not set forth "inadequate damages" as a specific ground of his motion.

Prior to 1967, Code of Civil Procedure section 657 did not contain an item of inadequate damages as a specific ground for granting a motion for a new trial. Section 657 was amended in 1967 to add "inadequate damages" as an additional and separate ground for seeking a new trial.

Defendants argue that the result of this amendment to section 657 is to require an interpretation of section 657 of the Code of Civil Procedure to the effect that "inadequate damages" may not be asserted as a basis for a new trial unless specifically set forth in a party's motion for a new trial.

This contention as to the appropriate interpretation of Code of Civil Procedure section 657 is groundless. The Legislative Committee Comment—Senate, regarding this 1967 amendment, states: "First, the amended section explicitly recognizes that an inadequate award of damages is a ground for granting a new trial just as an excessive award of damages presently is recognized. The availability of this basis for granting a new trial, on the ground of 'insufficiency of the evidence to justify the verdict,' is well settled in California. Harper v. Superior Air Parts, Inc., 124 Cal.App.2d 91, 268 P.2d 115 (1954); Reilley v. McIntire, 29 Cal.App.2d 559, 85 P.2d 169 (1938) (neither passion nor prejudice need be shown). Thus, the revisions of Section 657 continue the power of the trial judge to grant a new trial when, after weighing the evidence, he is convinced from the entire record, including reasonable inferences therefrom, that the award of damages clearly is inadequate."

It is clear, therefore, that since plaintiff's motion set forth "insufficiency of the evidence to justify the verdict" as one of the reasons specified in the motion, the question of inadequacy of damages was clearly raised. And since the trial court granted the motion on the ground of "insufficiency of the evidence to justify the verdict," it is specious reasoning on the part of defendants to claim that the issue of "inadequate damages" had been waived by plaintiff's omission of this ground in her motion. It should be mentioned in passing that plaintiff had refused defendants' written offer to accept a judgment against defendants in the sum of $25,000, made pursuant to Code of Civil Procedure section 998, and that since plaintiff's judgment of $8,073.72 was less than this offer, defendants were seeking to recover against plaintiff items of costs such as amounts paid for the services of expert witnesses, as provided in Code of Civil Procedure section 998, subdivision (c).

The majority's conclusion that the trial court's order also precluded a new trial on the issue of whether plaintiff was negligent at all appears to be based on the construction of the trial court's "specification of reasons" as pointing to specific items of evidence that tended to show a substantial amount of negligence on the part of defendant driver and a *minimal amount of negligence on the part of plaintiff.* The majority thus concludes that the trial court did *not* intend to grant a total retrial, nor a retrial

concerning the issue of plaintiff's negligence, if any, nor a retrial covering the total amount of plaintiff's injuries and damages. I am unable to find any such intention to be extracted from the trial court's order or from its specification of reasons, either singly or in combination.

What the majority does here is to speculate regarding the trial judge's intention derived from the same language he used in the order and in the specification of reasons. I cannot deduce from the language used by the trial judge that he concluded that the evidence justified a finding of *minimal* negligence on the part of plaintiff. The language used by the trial court is that "the evidence showed plaintiff pulled up and stopped her car *parallel* and *close* to the curb, that her car was struck from behind by defendant Wade and moved ten to twelve feet *forward,* and that immediately after the accident the defendant Wade said in substance, 'I'm sorry. It was my fault.' " (Italics added.) The only reasonable construction to be given to this language is that the trial judge considered the *credible* evidence to show *no* negligence at all on the part of plaintiff.

The trial court's order states, in pertinent part: "Motion for new trial is granted upon the ground of insufficiency of the evidence to justify the verdict for the reason that . . . ." There is no language contained in the rest of the trial court's order that states or leads reasonably to an inference that the new trial should *not* include the issue of whether plaintiff was negligent at all, or the issue of plaintiff's total damages —without regard to any reduction of damages due to any alleged negligence on the part of plaintiff. Furthermore, the trial court's order granting plaintiff's motion for a new trial does not specify, in words or effect, that the new trial shall be limited to certain specified issues. The plaintiff's motion for a new trial did *not* ask that a new trial be limited to the one issue of the comparative negligence between plaintiff and defendant. Thus, the trial court's order that "[m]otion for new trial is granted upon the ground of insufficiency of the evidence to justify the verdict" is in conformity with plaintiff's motion for a new trial on *all* issues.

The majority's rewriting of the trial court's order granting to plaintiff a new trial is contrary to the principle set forth by the California Supreme Court in *Yarrow.* In addition, this appellate rewriting of the trial court's new trial order constitutes an injustice to plaintiff. In light of the trial court's view that plaintiff was *not* negligent, the jury's special verdicts or findings that plaintiff and defendant were each 50 percent negligent points inexorably to a compromise verdict having been reached on all

issues—the issue of total damages as well as the issues of comparative negligence and proximate cause. The instant case is not unlike that of *Galindo v. Partenreederei M. S. Parma* (1974) 43 Cal.App.3d 294 [117 Cal.Rptr. 638].

The *Galindo* case was a maritime personal injury case in which comparative negligence is applied. A plaintiff's motion for a new trial specified insufficiency of the evidence as a ground for plaintiff's motion for a new trial but did *not* specify inadequacy of damages. The jury had awarded to plaintiff an amount deemed insufficient by plaintiff. The court granted plaintiff's motion, with a specification of reasons emphasizing inadequacy of the award. The *Galindo* court rejected defendant's argument that plaintiff's failure to specify inadequacy of damages precluded the trial court from using insufficiency of the evidence to provide plaintiff relief from a jury's inadequate award. The *Galindo* court points out "that because of this doctrine [the doctrine of comparative negligence] the *liability* and *damages* issues in this case are *inextricably interwoven.*" (*Galindo, supra,* 43 Cal.App.3d 294, at p. 301.) (Italics added.)

The *Galindo* court's observation, quoted herein, is particularly pertinent and relevant to the situation presented in the case at bench.

The majority in the case at bench also relies upon two decisions from Wisconsin as justification for its view that the new trial in the case at bench should be limited to the one issue of apportionment of comparative negligence and a reduction, accordingly, from plaintiff's gross damages of $16,147.43 to some amount in excess of $8,073.72 but less than $16,147.43—the two amounts contained in the jury's verdicts.

In the case at bench, had the trial court's order specifically excluded from a new trial the issues of plaintiff's total damages found by the jury to be $16,147.43, and the issue of whether plaintiff was negligent at all, the Wisconsin cases of *Caldwell* and *Firkus,* relied upon by the majority, would have meaning and relevance. But since this is not the situation with respect to the trial court's order granting plaintiff's motion for a new trial, *Caldwell* and *Firkus* are simply inapplicable to the instant case.

For the reasons set forth above, I would sustain, without modification, the trial court's order granting plaintiff's motion for a new trial.

Respondent's petition for a hearing by the Supreme Court was denied March 24, 1977.