[Civ. No. 49419. Second Dist., Div. One. June 22, 1977.]

MARTHA CELIA RANGEL, a Minor, etc., Plaintiff and Appellant, v.
GRAYBAR ELECTRIC COMPANY, INC.,
Defendant and Respondent.

944

## COUNSEL

Mestad & Sanborn and John B. Mestad for Plaintiff and Appellant.

Haight, Dickson, Brown, Bonesteel & Rigg, William K. Koska and Roy G. Weatherup for Defendant and Respondent.

## OPINION

LILLIE, J.—Plaintiff appeals from judgment entered on a jury verdict finding her negligence to have proximately contributed to the extent of 95 percent to her injury arising out of an automobile-pedestrian accident.

On the morning of August 6, 1971, plaintiff, then 14 years old, and a friend were on their way to attend the last day of summer session at Virgil Junior High School; while crossing the street plaintiff was struck by an automobile driven by Hector Cantua,[1] whose negligence was conceded to be imputable to his employer, Graybar Electrical Company, Inc.

█ In connection with appellant's initial contention that there is no substantial evidence to support the jury's determination of the relative degrees of negligence of herself and Cantua, we note first that just as the determination of negligence and contributory negligence is ordinarily a matter for the trier of fact (*Vinson v. Ham Bros. Constr., Inc.,* 7 Cal.App.3d 990, 993 [87 Cal.Rptr. 12]), so is the determination of relative fault (see *Li v. Yellow Cab Co.,* 13 Cal.3d 804, 824 [119 Cal.Rptr. 858, 532

---

[1]While Cantua was named a defendant, it appears that he was never brought into the action through service of process.

P.2d 1226]); and that we must view the evidence in the light most favorable to the prevailing party giving him the benefit of every reasonable inference and resolving conflicts in support of the jury verdict. (*Texaco, Inc.* v. *Petroleum Specialists Corp.,* 35 Cal.App.3d 427, 436 [110 Cal.Rptr. 641].)

■ All of the evidence on the subject indicated that Cantua was driving at a speed within posted limits. The area of the accident was marked as a school zone, but Cantua testified he did not know summer school was in session. An accident reconstruction expert testified for the defense that, from information available in the police report and statements of the parties, he had reconstructed the accident, and it was his opinion that Cantua had reacted alertly at the time of the accident. Indeed, it is not too much to say that this expert's testimony was to the effect that Cantua had done as much as one could have done to avoid striking plaintiff when she appeared in front of his vehicle. While plaintiff claimed to have stopped to look for oncoming traffic before crossing the street, the defense expert testified that if she had looked she certainly would have seen Cantua's approaching vehicle. Moreover, while denied by plaintiff and her friend, Cantua testified that the girls had jogged out into the street. There was also evidence to the effect that plaintiff had begun to cross the street outside the unmarked crosswalk area near where she was struck. In sum, substantial evidence supports the jury's determination of relative negligence.

Appellant also contends that the trial court erred in refusing to give several of her requested instructions. The defense had introduced testimony to the effect that plaintiff was outside of the crosswalk when she was struck by the vehicle. This testimony of an expert witness was in conflict with that of a police officer who testified for plaintiff. The difference of opinion between these two men resulted from disagreement over the manner in which the unmarked crosswalk should be fixed. Two of the requested instructions, the rejection of which appellant complains, related to the significance of her being within or without the crosswalk.[2]

---

[2](1) "It is immaterial whether the plaintiff [was] within or just outside the crosswalk, the rights and duties of the parties are the same regardless of plaintiff's exact location at the time of the injury." (2) "(a) Right-of-way at Crosswalks, the driver of a vehicle shall yield the right-of-way to a pedestrian crossing the roadway within any marked crosswalk or within any unmarked crosswalk at an intersection, except as otherwise provided in this chapter. [¶] (b) The provisions of this section shall not relieve a pedestrian from the duty of using due care for his safety. No pedestrian shall suddenly [sic] leave a curb or other place of safety and walk or run into the parth [sic] of a vehicle which is so close as to constitute an immediate hazard. [¶] (c) The provisions of subdivision (b) shall not relieve

Two other proposed instructions related to the standard of care required of the parties.[3] Even if these proposed instructions are otherwise unobjectionable, it is apparent that they were repetitious of instructions given by the court. The jury was fully instructed on the law of negligence in the context of an automobile-pedestrian accident. The instructions included those relating compliance with a speed limit to the question of negligence (BAJI No. 5.30) and on the duty of motorists and pedestrians (BAJI No. 5.50), the standard of care applicable to each (BAJI No. 5.51), the question of pedestrian right-of-way—whether within or without a marked or unmarked crosswalk—as defined in the instruction (BAJI No. 5.52 (rev. 1972)) and (a more particular instruction) on the same subject in the language of Vehicle Code section 21954. We will not compare the instructions given with those refused point by point; nor will we unnecessarily lengthen this opinion by reproducing those given, but it is clear that the jury was fully and fairly instructed on the pertinent law. ■ A party is not entitled to have the jury instructed in any particular phraseology and may not complain on the ground that his requested instructions are refused if the court correctly announces the substance of the law applicable to the case. (*Pleasant Hill* v. *First Baptist Church,* 1 Cal.App.3d 384, 408 [82 Cal.Rptr. 1].)

■ Appellant's final contention is that the trial court abused its discretion in barring, on defendant's motion, the proposed testimony of her expert witness. Following the testimony of defendant's accident reconstruction expert on the defense, an in camera motion was made to prevent plaintiff from introducing an expert rebuttal witness not named in answers to interrogatories. The primary basis of the motion, and the authority on which it was granted was *Thoren* v. *Johnston & Washer,* 29 Cal.App.3d 270 [105 Cal.Rptr. 276]. In *Thoren* we upheld the court's

a driver of a vehicle from the duty of exercising due care for the safety of any pedestrian within any marked crosswalk or within any unmarked crosswalk at an intersection." (Quoting Veh. Code, § 21950.)

[3](1) "An automobile is an instrumentality capable of inflicting death or serious injury, and a greater amount of care is required of the driver then [*sic*] of a pedestrian." (2) "Even though the statutory limitation of speed has not been exceeded, the rate of speed at which an automobile may be traveling may be held under some circumstances to be negligent. That is to say, the operator of an automobile is not necessarily exempt from liability for injuries to other persons occurring in a public street by showing simply that at the time of the accident he was running at a rate of speed allowed by law. He still remains bound to anticipate that he may meet persons at any point of the street, and he must, in order to avoid a charge of negligence, keep a proper lookout for them and keep his machine under such control as will enable him to avoid a collision with anotherperson [*sic*] using proper care and caution, and if the situation requires he must slow up and stop."

exercise of discretion in barring the testimony of a plaintiff's witness where that witness' name had been wilfully omitted from an answer to an interrogatory seeking the names of all witnesses to the accident.

We agree with appellant that the application of *Thoren* in this case constitutes an abuse of discretion for lack of substantial evidence indicating wilful concealment of the identity of an intended witness. (See Code Civ. Proc., § 2034, subd. (d); *Fairfield* v. *Superior Court,* 246 Cal.App.2d 113, 118 [54 Cal.Rptr. 721].)

The only conceivable evidence of wilfulness, if any there be, is that which relates to plaintiff's answers to interrogatories. She was called upon to "List the name and address of each and every witness to be called to testify on your behalf at the trial of the within lawsuit."[4] She answered: "The Plaintiff, her husband, her mother, LI[C]ETTE HERNANDEZ, the investigator and the medical doctor. Probably DR. FIELDS and DR. ANSELEN. This witness list is subject to change depending upon the availability of the witnesses at the time of Trial." Defendant moved to compel further answers objecting that there was no indication as to who was the investigator, that the reference to doctors as possible witnesses was ambiguous and indefinite and that "The further admonition in the answer that the witness is subject to change is somewhat misleading, because one could read into it that additional witnesses may be called. It is the request of this Defendant that Plaintiff identify each and every witness whom [s]he intends to call at the time of Trial. Plaintiff cannot be heard to say that [s]he has not totally prepared this case for Trial, since it has previously gone through Mandatory Settlement Conference and the Trial Date." Plaintiff responded to the motion with a proposed answer of "At this time, No. 26 is answered. The investigator will be either the representative of the Los Angeles Police Department of the City of Los Angeles, Street Department. An investigator to tie in pictures of the scene of the accident," and a request for a protective order. The matter was heard, and plaintiff was ordered to serve and file further answers. Her further answer relative to the list of witnesses was "The plaintiff, her husband, her mother, Li[c]ette Hernandez, the investigator, police officers representing the City of Los Angeles, or a private investigator to tie in the pictures to the scene of the accident, Dr. Stephen Fields, Dr. Milton Birnbaum and Dr. Jaime Anselem. This

---

[4]The interrogatory may have been objectionable (see Louisell and Wally, Modern California Discovery (2d ed. 1972) § 5.12, p. 336), but any objection was waived by failure to raise it in a timely fashion before the trial court. (*Coy* v. *Superior Court,* 58 Cal.2d 210, 216 [23 Cal.Rptr. 393, 373 P.2d 457, 9 A.L.R.3d 678].)

list is subject to change upon the availability of witnesses at the time of trial."

While plaintiff's final answer to the interrogatory remained somewhat hazy in certain respects, we do not believe that this fact simpliciter is substantial evidence of wilful concealment by her (or more appropriately, her attorney) of the name of the proposed rebuttal witness.[5] There is no indication in the record that the expert plaintiff sought to use had ever been contacted prior to trial, let alone retained for trial. Indeed, her counsel stated to the court "This man was never hired until it became necessary for rebuttal," and this was uncontroverted. Thus, we do not consider a situation in which the name of a person to be used as a rebuttal witness is omitted from a witness list on the ground that only those witnesses to be used in presentation of the case in chief need be listed.

In the absence of stronger evidence of wilful omission, to uphold the trial court's action barring plaintiff's rebuttal witness would permit the use of interrogatories as a trap, pinning a party for all time to an answer intended to reflect only that party's knowledge as of the date of answer. (Cf. *Singer* v. *Superior Court,* 54 Cal.2d 318, 325 [5 Cal.Rptr. 697, 353 P.2d 305].) We do not agree with the trial court that "plaintiff should have put, should have made some provision that he may call an expert or something should have been said in response to defendant's request for the names of witnesses or prospective witness that may be called." If, in order to avoid losing the right to call additional unnamed witnesses where the need therefor appears *only* during trial, a party must include in his answer the proviso that "The list of witnesses cannot be exhaustive in view of the possibility that the need for an unnamed rebuttal witness may appear at trial," some variant thereof will soon become boilerplate. Such a statement, however, is both useless and unnecessary in view of the fact that a party's answers are necessarily limited to his knowledge at the time he answers the interrogatories. Perhaps one way of satisfying the needs of both the party posing and the one answering interrogatories is

[5]Respondent suggests that the court might have inferred "on the basis of Appellant's evasive and insufficient answer to Respondent's interrogatory after an order from the court to adequately respond, that Appellant had elected to play games in the course of the litigation, in direct contravention of the underlying purpose of civil discovery." We question both the fact and the permissibility of such a sweeping inference. Moreover, the exclusion of plaintiff's expert rebuttal witness, if intended as a sanction for her failure to identify the policeman or investigator she expected to call, is manifestly inappropriate to the dereliction. (See *Stein* v. *Hassen,* 34 Cal.App.3d 294, 301 [109 Cal.Rptr. 321]; Code Civ. Proc. 2034, subd. (d).)

for the interrogator to insist on a continuing obligation to amend or correct answers which, after the time of answer, prove to be inadequate.[6] In this instance defendant did not make its interrogatories continuing, nevertheless, it appears that it was informed of plaintiff's intention to call the expert witness soon after he was hired. Defendant has not, either before the trial court or on appeal, complained of undue surprise caused by the hiring of the expert witness during the trial. (*Milton* v. *Montgomery Ward & Co., Inc.,* 33 Cal.App.3d 133, 140 [108 Cal.Rptr. 726].) Indeed, it appears from the record that plaintiff's counsel retained the expert and advised defendant's counsel thereof before the defense rested its case. Nor has defendant at any time suggested that it would have been prejudiced had plaintiff's proposed rebuttal witness been permitted to testify.

Plaintiff has never described the nature of the testimony expected of her rebuttal expert witness. No offer of proof was made probably because the excluded testimony already had been made known to the trial court; the record suggests that the court knew its substance as did both counsel. Too it appears that any offer of proof would have been futile. (Cf. Evid. Code, § 354, subd. (a).) However, it is clear from the record that plaintiff's proposed rebuttal expert witness was expected to respond to and controvert the testimony of defendant's accident reconstruction expert which, on the face of the record, was the most compelling of all of the evidence in the defendant's case. Based upon a careful review of the entire evidence, we are convinced that the trial court's error in excluding the testimony of plaintiff's expert on rebuttal resulted in a miscarriage of justice.

The parties dispute the extent to which reversal of the judgment requires retrial, appellant insisting that retrial should be limited to the issue of comparative negligence, citing *O'Kelly* v. *Willig Freight Lines,* 66 Cal.App.3d 578 [136 Cal.Rptr. 171]. The majority opinion in *O'Kelly* is, however, readily distinguishable. It is apparent that in this case the liability and damages issues are "inextricably interwoven." (See *O'Kelly, supra,* 66 Cal.App.3d at p. 592 (conc. and dis. opn. of Jefferson, J.).)

---

[6]It is apparently an open question whether continuing interrogatories may be used in this state. (*Smith* v. *Superior Court,* 189 Cal.App.2d 6, 11 [11 Cal.Rptr. 165, 88 A.L.R.2d 650], holding that they may not was decided on the basis of old Code Civ. Proc., § 2030, subd. (a), which required leave of court for one party to file more than one set of interrogatories on the same adverse party.)

The judgment is reversed and the cause remanded for retrial on all issues.

Wood, P. J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 18, 1977.