[Civ. No. 17585. Fourth Dist., Div. Two. Mar. 24, 1978.]

RUBY RICHARD, Plaintiff and Respondent, v.
LOIS CAROL SCOTT et al., Defendants and Appellants.

COUNSEL

MacLachlan, Burford & Stanfield and Gerald M. Stanfield for Defendants and Appellants.

Olen G. Miller and Mark L. Gunn for Plaintiff and Respondent.

OPINION

**TAMURA, Acting P. J.**—This is a personal injury action arising out of a two-car intersection collision. The jury found that plaintiff sustained damages in the sum of $6,000, but apportioned 50 percent fault to each

party and rendered a verdict in favor of plaintiff for $3,000. Plaintiff's motion for a new trial was granted on the ground that the court erred in admitting the opinion of defendants' accident reconstruction expert that plaintiff was travelling in excess of the posted speed limit. Defendants appeal from the order granting a new trial.

Defendants contend that the expert's opinion was admissible as a matter of law and that the court, therefore, abused its discretion in granting a new trial. Alternatively, defendants urge that if the order is affirmed, a new trial should be limited to the issue of apportionment of negligence. We have concluded that the new trial order should be affirmed without modification.

Briefly summarized, the pertinent evidence was as follows:

Plaintiff was northbound on Mt. Vernon Avenue in the City of San Bernardino and the signal controlling the intersection of Mt. Vernon Avenue and 16th Street was green for traffic on Mt. Vernon. Plaintiff intended to proceed on through the intersection. At the same time, defendant driver was southbound on Mt. Vernon Avenue intending to make a left turn at 16th Street. The accident occurred in the intersection.

Plaintiff testified she was travelling at a speed under the 35-mile-per-hour posted limit. The driver of a car behind plaintiff testified they were both proceeding at a speed of between 20 to 25 miles per hour; defendant driver was approaching the intersection from the north at a speed of 35 to 40 miles per hour; and defendant driver, without activating her turn signal, made an abrupt left turn.

Defendant driver testified she was driving at about 15 miles per hour; as she neared the intersection, she noted that the signal was red so she reduced her speed to 5 miles per hour or less; and when the signal turned green, she activated her turn indicator and proceeded to make a left turn.

Officer Ryan who conducted the post-accident investigation was called by plaintiff. On a diagram of the intersection, he depicted the skid marks left by plaintiff's vehicle and indicated where the vehicles came to rest. The skid marks extended north and then deviated to the east. The officer gave the measurement for the first segment but not for the second. The skid marks and the location of the vehicles when they came to rest as depicted by the officer were not to scale.

In an attempt to show that plaintiff was exceeding the 35-mile-per-hour speed limit, defendants called Mr. Krueper, an accident reconstruction specialist. Over plaintiff's objection that the expert was basing his opinion on assumed facts not supported by the evidence, Mr. Krueper was permitted to opine that plaintiff's speed was 46.2 miles per hour just before she applied her brakes.

There was evidence that, as a result of the accident, plaintiff suffered a traumatic tooth extraction, anxiety neurosis, including anxiety over a possible abortion of a six-week pregnancy, facial injuries, cervical and lumbosacral spinal sprain and multiple contusions about her body.

Plaintiff moved for a new trial on several grounds, including error of law occurring at the trial.[1] The court granted the motion, giving the following grounds and reasons:

"The admission of the testimony of the defendant's expert, Mr. Kruiper [sic], over the objection of lack of foundation was in error. Said expert's opinion was based upon assumptions not otherwise established by competent evidence including:

"1. Speed of defendant's vehicle and course of travel.

"2. Total length of skid marks of plaintiff's vehicle.

"3. Plaintiff's reaction time.

"4. Coefficient of friction under conditions at time of collision.

"5. Point of impact.

"6. That defendant's car was propelled to the location shown by police diagram solely as a result of impact by plaintiff's car.

"The testimony of the expert of his opinion of plaintiff's speed in excess of the legal speed limit prior to the collision was material to the issue of plaintiff's contributory negligence, which issue was decided adversely to plaintiff. No other substantial evidence of contributory negligence was introduced."

---

[1]The other grounds were inadequate damages, insufficiency of the evidence and verdict against the law.

## I

■ Defendants attack the new trial order on the ground the expert's opinion was admissible as a matter of law. The contention lacks merit.

■ Ordinarily, a motion for a new trial is a matter resting so completely in the trial court's discretion that its ruling will not be disturbed unless a manifest and unmistakable abuse of discretion appears, particularly where discretion is exercised in favor of a new trial (*Jiminez* v. *Sears, Roebuck & Co.,* 4 Cal.3d 379, 387 [93 Cal.Rptr. 769, 482 P.2d 681, 52 A.L.R.3d 92]; *Malkasian* v. *Irwin,* 61 Cal.2d 738, 748 [40 Cal.Rptr. 78, 394 P.2d 822]), and all presumptions are in favor of the order (*Ballard* v. *Pacific Greyhound Lines,* 28 Cal.2d 357, 358 [170 P.2d 465]; *Mazzotta* v. *Los Angeles Ry. Corp.,* 25 Cal.2d 165, 169 [153 P.2d 338]; *Valdez* v. *J. D. Diffenbaugh Co.,* 51 Cal.App.3d 494, 512 [124 Cal.Rptr. 467]). The principle that every intendment is in favor of the order does not apply, however, where the question presented is purely one of law. (*Kaiser Cement & Gypsum Corp.* v. *Allis-Chalmers Mfg. Co.,* 35 Cal.App.3d 948, 951 [111 Cal.Rptr. 210].)

In the case at bench, the order was granted for an error of law in admitting the expert's opinion.[2] It does not follow, however, that the admissibility of the expert's opinion presents a pure question of law. The issue involves a mixed question of fact and law. The factual aspect of the question is whether there was evidentiary support for the assumptions made by the expert in formulating his opinion. A qualified expert may express an opinion on the speed of a vehicle by considering the length of skid marks, point of impact, positions of the vehicles when they came to rest, condition of the pavement, make and condition of the vehicles and other relevant factors. (See *Ungefug* v. *D'Ambrosia,* 250 Cal.App.2d 61, 65 [58 Cal.Rptr. 223].) The value of an expert's opinion, however, is dependent on the truth of the facts assumed in forming the opinion. (Evid. Code, § 801, subd. (b); *People* v. *Cantrell,* 8 Cal.3d 672, 688 [105 Cal.Rptr. 792, 504 P.2d 1256]; Witkin, Cal. Evidence (2d ed. 1966) The Opinion Rule, § 409, pp. 367-368.) An opinion based on surmise, guess or conjecture has little evidentiary value. (*Owings* v. *Industrial Acc. Com.,* 31 Cal.2d 689, 692 [192 P.2d 1].) The trial judge, having heard the evidence, is in a better position than a reviewing court to determine whether factual assumptions made by the expert were adequately

---

[2]An erroneous evidentiary ruling may, of course, be an error in law for which a new trial may be granted. (Code Civ. Proc., § 657, subd. 7; *Holling* v. *Chandler,* 241 Cal.App.2d 19, 23 [50 Cal.Rptr. 219].)

supported by the evidence, or whether they were based on conjecture, guess or speculation. Consequently, although the new trial order was based on an "error of law," the ruling may not be disturbed on appeal in the absence of a manifest abuse of discretion. ■ In reviewing an order granting a new trial for an instructional error, our Supreme Court has applied the following test: "So long as a reasonable or even fairly debatable justification under the law is shown for the order granting the new trial, the order will not be set aside." (*Jiminez* v. *Sears, Roebuck & Co., supra,* 4 Cal.3d 379, 387.) As in assessing the admissibility of the expert's opinion in the case at bench, whether or not an error occurred in rendering, or failing to render, an instruction ordinarily involves factual as well as legal issues. The same test should, therefore, govern in reviewing the present new trial order.

■ Applying the foregoing principle to the instant case, we find no abuse of discretion in the trial court's action. The record supports the trial judge's determination that many of the factual assumptions made by the expert in arriving at his opinion of the speed of plaintiff's vehicle lacked sufficient evidentiary support. The expert estimated the speed of defendants' vehicle at impact by using "average acceleration" and an "average turning radius"; for the total length of skid marks left by plaintiff's vehicle, the expert used Officer Ryan's measurement of the north skid marks and the expert's own estimate of the length of the deviated easterly skid marks; he purported to fix the point of impact by using the unmeasured deviated skid marks without evidence of their precise angle of deviation or location with reference to the intersection; and he assumed, without explanation, a certain coefficient of friction of tires upon pavement. At the very least, a "debatable justification under the law" appears for the trial judge's determination that the expert's opinion should have been excluded. (See generally *Jiminez* v. *Sears, Roebuck & Co., supra,* 4 Cal.3d 379, 387.) We find no abuse of discretion. As Mr. Witkin has cogently observed: "The trial judge is familiar with the evidence, witnesses and proceedings, and is therefore in the best position to determine whether, in view of all the circumstances, justice demands a retrial." (5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, § 120, p. 3697; accord *Bardessono* v. *Michels,* 3 Cal.3d 780, 795 [91 Cal.Rptr. 760, 478 P.2d 480, 45 A.L.R.3d 717], quoting from 3 Witkin, Cal. Procedure (1954) Attack on Judgment in Trial Court, § 10, p. 2054.)

Defendants' reliance upon this court's decision in *Box* v. *California Date Growers Assn.,* 57 Cal.App.3d 266 [129 Cal.Rptr. 146], is misplaced.

In *Box,* the question was whether the opinion of the accident reconstruction expert was based on relevant factors. (*Id.,* at p. 275.) Here, the question is not whether the factors considered by the expert were proper, but whether the factual assumptions he made were supported by the evidence.

■ Finally, defendants contend that plaintiff failed to show that the error on which the new trial order was predicated resulted in prejudice. The contention is without merit. Once an error is shown, a reviewing court may not substitute its judgment for that of the trial court on the question of prejudice; the sole issue on appeal is whether the order, in light of the record, constituted a manifest abuse of discretion. (*Liodas* v. *Sahadi,* 19 Cal.3d 278, 285 [137 Cal.Rptr. 635, 562 P.2d 316]; *Treber* v. *Superior Court,* 68 Cal.2d 128, 132 [65 Cal.Rptr. 330, 436 P.2d 330].) The party prevailing below is not required to demonstrate that prejudice resulted from the error for which a new trial was granted. (*Malkasian* v. *Irwin, supra,* 61 Cal.2d 738, 747; *Holling* v. *Chandler, supra,* 241 Cal.App.2d 19, 25.) In any event, the error was manifestly prejudicial. As the trial judge observed, there was no other substantial evidence that plaintiff was contributorily negligent.

## II

■ Defendants urge that if the order is affirmed we should limit the new trial to the issue of apportionment of negligence. However, they are ambivalent on the theory on which this may be done. In their opening brief, defendants contend that the trial judge abused his discretion in granting a new trial on all issues; in their closing brief, they suggest that the order is ambiguous and that it should be construed as one granting a limited new trial.

(a) *Abuse of Discretion:*

The argument that the court abused its discretion in failing to order a limited new trial correctly presupposes, as we shall later demonstrate, that the trial court ordered a new trial on all issues. So treating the order, we find no abuse of discretion.

■ The power of a trial court to grant a new trial as to one or more issues and not as to others (Code Civ. Proc., § 657) "appropriately rests in the discretion of the trial judge." (*Leipert* v. *Honold,* 39 Cal.2d 462, 467 [247 P.2d 324, 29 A.L.R.2d 1185].) Where neither party requests the

court below to order a limited new trial, a reviewing court is not empowered to modify an order granting a new trial on all issues to one granting a limited new trial "unless such an order should have been made as a matter of law." (*Baxter* v. *Phillips,* 4 Cal.App.3d 610, 617 [84 Cal.Rptr. 609].)

Defendants contend that inasmuch as a special verdict was returned on the damage issue, the judge abused his discretion in failing to limit the new trial to the issue of apportionment. Acceptance of defendants' argument would mean that anytime a special verdict is returned on damages, an order granting a new trial for an error of law going to the issue of negligence must, as a matter of law, be limited to the issue of apportionment. The proposition implicit in defendants' contention would abolish the discretionary power the Legislature has properly conferred on trial judges to decide whether or not a limited new trial should be granted. (Code Civ. Proc., § 657.) This we decline to do.

In *Baxter* v. *Phillips, supra,* 4 Cal.App.3d 610, the court rejected the identical contention now advanced by defendants. *Baxter* involved two actions for damages which were consolidated for trial and for purposes of appeal. (*Id.,* at p. 612.) In one suit, a property owner sustained injuries as a result of a fire started on land belonging to one of the defendants and which spread to his adjoining property. (*Id.,* at p. 613.) In the other action, the owners of grazing rights on the property owned by plaintiff in the first suit sued for destruction of their livestock feed resulting from the same fire. (*Id.*) The jury returned a special verdict on the amount of damages sustained by plaintiffs, but found for defendants on the issue of liability. (*Id.,* at p. 614.) On plaintiffs' motion for a new trial "on all of the issues," the court granted the motion for an error in instructing the jury on the issue of liability. (*Id.,* at p. 615.) None of the parties requested a limited new trial. (*Id.,* at p. 617.) Defendants appealed from the new trial order contending that inasmuch as a special verdict had been returned on damages, the court erred in failing to limit the new trial to the issue of liability. (*Id.,* at pp. 612, 613, 614.) The reviewing court held that it was not empowered to modify a new trial order where neither party requested the trial judge to exercise his discretionary power to order a limited new trial "unless such an order should have been made as a matter of law." (*Id.,* at p. 617.) The court observed that there was uncertainty whether the damages sustained by plaintiffs were as found by the jury and concluded that there was no abuse of discretion in granting a new trial on all issues. (*Id.,* at p. 613.)

■ Here, as in *Baxter,* neither party requested the trial judge to exercise his discretionary power to order a limited new trial. Also, as in *Baxter,* the evidence was conflicting on the damage issue. There was evidence that plaintiff's special damages alone amounted to approximately $5,800. The trial judge could reasonably have concluded that the expert's opinion respecting the speed of plaintiff's vehicle was in such sharp conflict with plaintiff's testimony on that subject that it undermined the credibility of her testimony pertaining to the nature and extent of the injuries she sustained and the period for which she was disabled. In short, the trial judge may have felt, with reasonable justification, that the error infected the entire trial. (Cf. *Clifford* v. *Ruocco,* 39 Cal.2d 327, 329-330 [246 P.2d 651]. See generally *Galindo* v. *Partenreederei M. S. Parma,* 43 Cal.App.3d 294, 301 [117 Cal.Rptr. 638].)

Defendants argue that since one of the grounds of the motion for new trial was inadequacy of damages and since neither the new trial order nor the judge's reasons mentioned damages, it must be presumed that the judge determined that the damage issue had been fairly and properly resolved by the jury. The same contention was also made and rejected in *Baxter* v. *Phillips, supra,* 4 Cal.App.3d 610. The court there stated: "The defendants assert that consideration of the matters which might have warranted the grant of a new trial on the issue of damages is foreclosed because the court did not refer to such matters in its specification of the reasons for granting the new trial. This assertion gives an unwarranted effect to the requirements of section 647 [*sic*] of the Code of Civil Procedure. Those provisions only require that the court state the reasons for the ground on which the motion is granted. No findings or reasons are required for other grounds which have been asserted but, as in this case, have not been considered by the court." (*Id.,* at p. 618.) We agree.

We find no abuse of discretion in the trial court's failure to order a limited new trial.

(b) *Limited New Trial by Interpretation:*

■ Defendants contend that the order is ambiguous and should be construed as one limiting new trial to the issue of apportionment of fault.

We find no ambiguity in the order. Plaintiff moved for a new trial "on all the issues" and the motion was granted without qualification. An order granting a new trial should normally be measured by its terms and not by the reasons the court gives for it. (*Yarrow* v. *State of California,* 53

Cal.2d 427, 437 [2 Cal.Rptr. 137, 348 P.2d 687].) But even assuming that we must look also to the reasons, we find nothing in them to indicate that a limited new trial was intended. The reasons simply explain why the expert's opinion should have been excluded and why the failure to do so resulted in prejudice.

*O'Kelly* v. *Willig Freight Lines,* 66 Cal.App.3d 578 [136 Cal.Rptr. 171], on which defendants rely, is not dispositive. In *O'Kelly,* defendants' truck struck the left rear fender of plaintiff's automobile which was temporarily parked near the righthand curb of a street. (*Id.,* at p. 580.) Plaintiff's evidence was that she parked parallel to the curb line and within the statutory limit for curb-side parking. (*Id.,* at p. 581.) Defendants' evidence was that plaintiff's car was parked at an angle with the left rear fender extending well into the second lane. (*Id.*) The jury returned a special verdict on damages and apportioned 50-percent fault to each party. (*Id.,* at pp. 581-582.) On plaintiff's motion for a new trial on all statutory grounds, the court granted the motion on the ground of insufficiency of the evidence to justify the verdict. (*Id.,* at p. 582.) The judge stated that the evidence failed to support the finding that "the proportion of negligence attributable to the plaintiff [was] 50%" and briefly summarized the evidence supporting his reason. (*Id.*)

On defendants' appeal from the order, the reviewing court found the specification of reasons to be adequate, but held that the order must be treated as being limited to a new trial solely on the question of apportionment of damages between the parties. (*Id.,* at p. 583.) The court viewed the new trial order and specification of reasons as indicating that the trial judge found "a substantial amount of negligence" on defendants' part and "a minimal amount of negligence" on plaintiff's part. (*Id.*) This, coupled with the fact that the order and reasons only referred to "apportionment" of fault, apparently led the reviewing court to conclude that the trial judge intended to limit the new trial to the apportionment issue.[3]

With no disrespect intended, we think the majority in *O'Kelly* strained mightily to divine the trial judge's intention from his order and specification of reasons. (See *id.,* at pp. 590-591 (conc. and dis. opn. of Jefferson, J.).) We, therefore, decline to extend *O'Kelly* beyond the particular facts presented there. In the case at bench, unlike *O'Kelly,* the trial judge did not find measurable negligence on plaintiff's part; he

[3]The court held that on retrial the jury may be told that "they must find that each party is negligent in some degree" and that their sole function is to apportion between the parties the total damages found at the first trial. (*Id.*)

stated that other than the expert's opinion there was "[n]o other substantial evidence of contributory negligence." And, unlike *O'Kelly,* the trial judge here made no reference in his order or reasons to "apportionment" of negligence. We, therefore, decline to modify the instant order under the guise of interpretation. Although plaintiff's motion expressly stated that she was seeking a new trial "on all the issues," defendants made no request that, if a new trial be ordered, it be limited to the apportionment issue. To say nevertheless on the present record that that is what the trial judge meant to do would be indulging in sheer speculation.

We emphasize that the issue before us is not whether the trial judge could have ordered a limited new trial. ██ When a new trial is granted in a comparative fault case for an error going to the issue of negligence, it may well be in the interest of efficient administration of justice to encourage trial courts to limit the new trial to the apportionment issue if it can be done without injustice to either party. (See *Leipert* v. *Honold, supra,* 39 Cal.2d 462, 466; Schwartz, Comparative Negligence (1974) Judicial Control of the Finders of Fact, § 18.3, pp. 301-305.) ██ ██ The request for a limited new trial, however, should be addressed to the trial judge; it should not be made to a reviewing court for the first time on an appeal from an order granting a new trial.[4]

The order is affirmed.

Morris, J., concurred.

**McDANIEL, J.**—I concur in part and dissent in part.

The notice of intent to move for a new trial specified four grounds: (1) inadequacy of damages; (2) insufficiency of the evidence to justify the verdict; (3) that the verdict was against the law; and (4) an error in law occurring at the trial and excepted to by the plaintiff.

---

[4]The power of an appellate court in reviewing an order granting a new trial must be distinguished from its power on an appeal from a judgment. Where an appeal is from the whole judgment, a reviewing court may, upon reversal of the judgment, order retrial of a particular issue if "those trial court determinations which were affected with error may be fairly and convenie. tly severed from those which were not." (*Hasson* v. *Ford Motor Co.,* 19 Cal.3d 530, 552 [138 Cal.Rptr. 705, 564 P.2d 857]; accord Code Civ. Proc., § 43; *Brewer* v. *Second Baptist Church,* 32 Cal.2d 791, 801 [197 P.2d 713].)

In the order granting the motion for a new trial, the trial judge, as his grounds and reasons therefor, stated, "[t]he admission of the testimony of the defendant's expert, Mr. Kruiper [*sic*], over the objection of lack of foundation was in error." The order went on to discuss certain aspects of that lack of foundation and then recited: "The testimony of the expert of his opinion of plaintiff's speed in excess of the legal speed limit prior to the collision was material to the issue of plaintiff's contributory negligence, which issue was decided adversely to plaintiff. No other substantial evidence of contributory negligence was introduced."

The order is completely silent about any other of the grounds specified in the notice of intent. However, the order likewise fails to limit the scope of the new trial to apportionment of damages, a result which seems clearly to be implied by the statement of reasons in light of the language of Code of Civil Procedure section 657. Nevertheless, the majority propose to affirm the order and further to allow the new trial to proceed on all issues, including damages, despite the plain implication arising from the content of the order.

If the trial judge had specifically stated that he was granting the motion because of the inadequacy of damages, and said no more, we would have reversed the order out of hand. (*Scala* v. *Jerry Witt & Sons, Inc.,* 3 Cal.3d 359, 363-364 [90 Cal.Rptr. 592, 475 P.2d 864]; *Mercer* v. *Perez,* 68 Cal.2d 104, 116 [65 Cal.Rptr. 315, 436 P.2d 315]; *Meiner* v. *Ford Motor Co.,* 17 Cal.App.3d 127, 144-145 [94 Cal.Rptr. 702], see dissent of Tamura, J.) This reversal would have occurred because the hypothetical order would have failed to state those reasons, in terms of actual evidence, why the trial judge had determined that the damages were inadequate.

In the actual order before us, the judge in his statement of reasons discussed only the error in law in admitting the expert testimony, evidence which went only to the issue of plaintiff's fault. If that order had gone on to state explicitly that a new trial was granted also on the ground of inadequacy of damages but had failed to specify the *reasons* therefor, we would have been forced to direct modification of the order to delete that ground. Such modification would have been mandated by the plain language of section 657. In pertinent part that section provides, ". . . (a) the order [granting a new trial] shall not be affirmed upon the ground of . . . inadequate damages, unless such ground is stated in the order granting the motion and (b) on appeal from an order granting a new trial upon the ground of . . . inadequate damages, it shall be

conclusively presumed that said order as to such ground was made only for the reasons specified in said order . . . ." As a consequence of this language, we must presume, when reviewing an order granting a motion for a new trial where inadequacy of the damages was a ground for the motion, that only the reasons "specified in said order" constitute the reasons for making the order. Where a trial court has failed to state any reasons as the basis for its order granting a new trial on the ground of the inadequacy of damages, an appellate court, on review of that order, can disregard such grounds. (*Gaskill* v. *Pacific Hosp. of Long Beach*, 272 Cal.App.2d 128, 130 [77 Cal.Rptr. 373].)

It therefore follows, if *no* reasons are specified in support of this ground, that we must presume that there were no such reasons, and hence that such ground was not considered by the trial judge in granting the motion.

The logic of this is self-evident. If as a trial judge I can only utilize the ground of inadequacy of damages if I state reasons for it, then if I state no reasons I must intend not to utilize that ground. If this logic is sound, the majority opinion, in declining to limit the scope of the new trial to apportionment of fault is allowing by indirection what it could not allow directly. In doing so, the majority ignores the effort of the trial judge to comply with section 657.

The case on this point is precisely controlled by *O'Kelly* v. *Willig Freight Lines,* 66 Cal.App.3d 578 [136 Cal.Rptr. 171]. In *O'Kelly,* the jury made special findings on plaintiff's total damages and the percentage of those damages attributable to plaintiff's own negligence.[1] An order was issued granting a new trial, but without specifying what particular issue or issues were to be retried. The court did, however, state as the basis for the order the fact that the evidence failed to support the apportionment of liability between the parties which the jury had found. On appeal, the defendants contended that the new trial should be limited to the issue of apportionment of damages and that the total damage issue should not be retried. The court stated: "We agree. [¶] . . . [T]he order is silent as to all matters except the proportion of apportionment. It is clear from the order granting the new trial motion, and from the specification of reasons, that the trial court did not intend a total retrial, nor a retrial concerning the total amount of damage. . . . [¶] . . . It is true that, in order to make a proper allocation of damage, the jury on the new trial will

---

[1]In both *O'Kelly* and here, the plaintiffs sought a motion for new trial on the issue of total damages and apportionment of damages.

have to hear, and weigh, anew, all of the evidence dealing with the conduct of the parties, but the jury may, properly, be told, when the case is submitted to them that . . . they must proceed on the assumption that the total damage was $16,147.43 and . . . their sole function is to apportion that total damage between the parties." (*O'Kelly* v. *Willig Freight Lines, supra,* 66 Cal.App.3d 578, 583.)

The minute order granting a new trial should be modified so as to limit the new trial to the apportionment of the $6,000 damages already found. As thus modified, I would affirm the order.

Appellants' petition for a hearing by the Supreme Court was denied May 18, 1978.