[Civ. No. 28304. Fourth Dist., Div. One. Feb. 9, 1984.]

NICHOLAS J. CANDIDO, Plaintiff and Appellant, v.
JOHN RAYMOND HUITT et al., Defendants and Respondents.

920

**COUNSEL**

Montag & Ochs, and John Thomas Montag for Plaintiff and Appellant.

Frank, Roseman, Freedus & Mann, Stanley Frank, John K. Ormond, Gibson & Kennerson, Paul R. Kennerson and Susan M. Goldbeck for Defendants and Respondents.

**OPINION**

**WORK, J.**—Nicholas J. Candido appeals an order granting a new trial on the ground of insufficiency of the evidence after a jury specifically found

his negligence in driving his motorcycle was not a proximate cause of his injuries sustained when he struck an unlit truck stopped at night in the "fast" lane of a freeway. (Code Civ. Proc., § 657, subd. 6.) We find the trial court's reasons for granting the motion are adequately specified and the order is within the trial court's broad discretion. However, we limit the new trial to the issues of Candido's comparative negligence and proximate causation.

## Factual and Procedural Background

Candido, wearing a full helmet, was driving a motorcycle south on an unlit portion of a freeway at night when he collided with the rear of a stalled, unlit flat-bed truck in the fast lane. The truck was driven by John Huitt and owned by San Diego Van & Storage Company. Candido stated his low beams lit the highway ahead 300-400 feet, he was driving 55 mph, had an unobstructed view ahead, but did not see the truck before impact.

James Thurman, also driving south in the fast lane, saw a flash on the road ahead when he was about 200-300 feet from the truck, and immediately began to slow his vehicle. As he got closer, he saw a "big hulk" ahead, turned on his bright lights, and was able to brake and move to the right in time to avoid hitting Candido, who was on the ground, attempting to crawl away from oncoming traffic. When Thurman stopped to help, Huitt stated the truck had suffered the same type of complete loss of power six months before. The truck's reflector lights were dirty.

Richard Whalley, a forensic scientist and accident reconstruction expert, testified to a "zone of impending impact," defined as the physical area within which a person would be unable to avoid an accident. According to Whalley, once a car or motorcycle in average condition, moving 55 miles per hour, was 204 feet from an immobile object there would only be time to react and lock wheels, without control, and impact could not be avoided. This estimate was based on a reaction time of .75 of a second, during which the vehicle would travel 60 of the 204 feet. Three-quarters of one second is considered the average reaction time of normal drivers by professional accident reconstruction experts, although the "normal" range extends up to two seconds. Candido presented no evidence his reaction time was other than the "average" his own expert used to postulate the applicable zone of danger. Whalley stated a motorcyclist could transfer to an adjoining traffic lane in less than 204 feet.

A mechanic examined the truck after the accident and found the ignition wire which ran from the ignition switch to the regulator on the back of the alternator was disconnected and the battery dead. The effect of the discon-

nected wire would not be an immediate loss of power, but a gradual dimming of the lights and a faltering of the engine causing it to miss and finally die. A & B Truck & Fleet Service, Inc. had performed repair work on the electrical system of the truck on July 16, 1976, September 13, 1976, and September 16, 1976.

At trial, the jury returned a verdict[1] for Candido, and awarded him $125,000. In granting a new trial on the ground of insufficiency of the evidence, the court stated: "The jury found that the plaintiff was negligent but that his negligence was not a proximate cause of his injuries, notwithstanding the plaintiff's own testimony that he could see ahead for approximately one-half mile; that his headlights lit the road ahead for 300 feet; that there were no obstructions to his vision ahead of him; that there were no distractions to interfere with his handling of the motorcycle he was driving; that he was familiar with the road in the area where the collision occurred; that he was familiar with the concept and danger of driving at a speed beyond that which would render him capable of being able to stop within the headlight range of his headlights; that he was driving 55 mph just prior to the collision and that at no time did he see the truck that he collided with.

"The Court, therefore, is of the opinion that there was not sufficient evidence in the record to support the jury's finding that plaintiff's negligence was not a proximate cause of the damage alleged by the plaintiff."

### Applicable Standards of Review

■ Code of Civil Procedure section 657 provides when a new trial is ordered, the granting court "shall specify the ground or grounds upon which it is granted and the court's reason or reasons for granting the new trial upon each ground stated." Specifying reasons as well as grounds serves the two-fold purpose of encouraging careful deliberation by the trial court before granting a new trial motion and making a sufficiently precise record for appellate review. (*Mercer* v. *Perez* (1968) 68 Cal.2d 104, 112-113 [65 Cal.Rptr. 315, 436 P.2d 315].)

■ However, the limited scope of our review is succinctly stated in *Jiminez* v. *Sears, Roebuck & Co.* (1971) 4 Cal.3d 379, 387 [93 Cal.Rptr.

---

[1]The special verdict form read in relevant part:
"Issue No. 5. Was the plaintiff negligent?
"Answer 'yes' or 'no'.
"Answer: yes
"If the answer to Issue No. 5 is 'yes', then go to the next issue. If the answer to Issue No. 5 is 'no', then go to Issue No. 7.
"Issue No. 6. Was the negligence of the plaintiff a proximate cause of his own injury?
"Answer 'yes' or 'no'.
"Answer: no"

769, 482 P.2d 681, 52 A.L.R.3d 92], which tells us the trial court's exercise of discretion may only be disturbed where a "manifest and unmistakable abuse of discretion clearly appears." This admonition is particularly true when (as here) discretion has been exercised in favor of a new trial. (Accord, *Silberg* v. *California Life Ins. Co.* (1974) 11 Cal.3d 452, 463 [113 Cal.Rptr. 711, 521 P.2d 1103].)

■ When the ground relied upon is insufficiency of the evidence, the court must briefly state why it finds the evidence legally inadequate. In other words, the "order must briefly identify the portion of the record which convinces the judge 'that the court or jury clearly should have reached a different verdict or decision.' [Fn. omitted.]" (*Mercer* v. *Perez, supra,* 68 Cal.2d at p. 116; *Scala* v. *Jerry Witt & Sons, Inc.* (1970) 3 Cal.3d 359, 363-364 [90 Cal.Rptr. 592, 475 P.2d 864]; *Stevens* v. *Parke, Davis & Co.* (1973) 9 Cal.3d 51, 60 [107 Cal.Rptr. 45, 507 P.2d 653, 94 A.L.R.3d 1059].) ■ In weighing and evaluating the evidence, the court is a trier-of-fact and is not bound by factual resolutions made by the jury. The court may grant a new trial even though there be sufficient evidence to sustain the jury's verdict on appeal, so long as the court determines the weight of the evidence is against the verdict.

## THE ORDER FOR NEW TRIAL IS SUFFICIENT TO SHOW THE TRIAL COURT'S DECISION IS WITHIN ITS BROAD DISCRETION

■ Candido faults the trial court's statement of reasons for not stating why it believed the jury should have found his negligence was a proximate cause of the accident. He contends the evidence referred to only shows his negligence, a finding he does not dispute, and does not explain why the trial court believed the jury should have found this negligence was a proximate cause, citing *Devine* v. *Murrieta* (1975) 49 Cal.App.3d 855, 861 [122 Cal.Rptr. 847]. There the court held an order granting a plaintiff a new trial after a defense verdict in a professional negligence case was insufficient where it only stated facts showing the physician was negligent, without considering whether there was any evidence (even presumptive) on the issue of proximate cause. Here, to the contrary, the trial court expressly stated its ruling and reasons were directed solely to proximate cause. An objective reading of the statement is that the trial court believed it likely a motorcyclist traveling in the fast lane of a highway with which he was thoroughly familiar, who admittedly had an illuminated, unobstructed view ahead for 300-400 feet, with a stopping ability of 204 feet and an ability to maneuver out of the fast lane in a much shorter distance, would have observed the stopped truck in time to avoid the accident or at least to reduce the severity of impact by slowing were he keeping a proper lookout. ■ Candido's admission, he never saw the truck before ramming it, is strong evidence he

was not exercising proper driving care and supports the trial court's determination that, in the exercise of proper watchfulness, he could have avoided the accident or at least mitigated his damages.

### THE NEW TRIAL SHALL BE LIMITED TO THE ISSUES OF PLAINTIFF'S NEGLIGENCE AND PROXIMATE CAUSE

■ All defendants argue the new trial should reopen all issues,[2] while Candido asks we limit the retrial to the issue of his comparative negligence, if any. Contrary to defendants' claims, there is no evidence the trial court did, or intended to, grant a new trial on any issue other than Candido's comparative negligence. Nor did any defendant request a new trial on any other issue, each limiting its motion to attacking only the sufficiency of evidence to support the jury finding Candido's negligence was not a proximate cause of his injuries. Although each attacked the $125,000 damage award as excessive, each conceded it "may not be unreasonable compensation for the injuries plaintiff sustained," only claiming the award is unreasonable "in light of the evidence indicating that plaintiff was comparatively negligent." (The serious injuries Candido sustained are not disputed, and damages awarded are clearly within reason.) Neither the defendants nor the trial court discussed the sufficiency of the evidence relating to issues of defendants' negligence and its proximate causation, nor the adequacy of evidence to support the valuation of Candido's total damages.

We interpret the order granting new trial as being no broader than the relief requested. Here, the issues of plaintiff's negligence and its contribution to his injury are matters separate and apart from those of defendants' negligence, proximate cause and total damages. There is no prejudice to defendants in not relitigating these issues since they are not materially intertwined with the question of Candido's fault and its relationship to the accident. However, because we cannot tell from this record what facts the jury found to be negligence on Candido's part, the new trial must relitigate the question of Candido's negligence so the jury may have a basis from which to evaluate whether there is a causal relationship between any negligent acts found to have been committed by Candido and his injuries.

Order affirmed.

Wiener, J., concurred.

---

[2]Defendants cite *Baxter* v. *Phillips* (1970) 4 Cal.App.3d 610 [84 Cal.Rptr. 609]; *Richard* v. *Scott* (1978) 79 Cal.App.3d 57 [144 Cal.Rptr. 672]; *Leipert* v. *Honold* (1952) 39 Cal.2d 462 [247 P.2d 324, 29 A.L.R.2d 1185]; and *Crawford* v. *Alioto* (1951) 105 Cal.App.2d 45 [233 P.2d 148], to support their position. Each is facially and legally inapposite to the circumstances of this case.

**BROWN (Gerald), P. J.,** Concurring.—The power of the trial court is singularly at its greatest in deciding whether to grant a new trial, leaving the appellate court virtually powerless to reinstate a most reasonable jury verdict.

Here the jury reached a most reasonable and just result. The trial was fair. The jury applied the law to the facts. It answered the special verdict questions requested by the defendants. It solved one of the great problems which law schools love to indulge their students, proximate cause. It found Candido's negligence was not the proximate cause of his injuries. Substantial evidence supports this finding: The expert Whalley's testimony placing Candido in a zone of danger where he could not avoid the collision; Thurman, the driver behind Candido, barely avoided the accident by seeing a flash, slowed and hit his brakes.

There was gross negligence on Huitt's part, driving and stopping in the fast lane when he knew or should have known of the truck's power and light failure, with the truck's rear reflectors covered with dirt, making the truck invisible. Understandably, the jury found this conduct was the sole proximate cause of the accident. Considering the very serious injuries sustained by Candido, the damages were well within reason, if not low.

My experience is that trial courts routinely deny motions for new trials under facts like these. Why the trial court granted a new trial here is difficult to comprehend.

Acknowledging the vast power of the trial court, I reluctantly concur in affirmance.